UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MALINDA K. R.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY

                Defendant.

CASE NO. 3:19-CV-05310-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to properly consider the opinions of Doctors Keri Tarantino, Matthew Comrie, and Rita Flanagan. Dkt. 9, p. 1, 3-6. Had the ALJ properly considered these doctors' opinions, the ALJ may have found Plaintiff had additional severe impairments at Step Two of the sequential evaluation process and Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed

and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 6, 2015, Plaintiff filed an application for DIB, alleging disability as of September 10, 2015. *See* Dkt. 7, Administrative Record ("AR") 15, 17. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Marilyn S. Mauer on October 11, 2017. AR 30-64. In a decision dated April 5, 2018, the ALJ determined Plaintiff to be not disabled. AR 15-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to find Plaintiff suffered from a severe mental impairment at Step Two of the sequential evaluation process. Dkt. 9, p. 1. Specifically, Plaintiff alleges the ALJ improperly discounted the medical opinions of Drs. Tarantino, Comrie, and Flanagan. Dkt. 9, p. 1, 3-6.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ erred in finding Plaintiff's mental impairment was not severe at Step Two of the sequential evaluation.**

Plaintiff maintains the ALJ erred by failing to find Plaintiff suffered from a severe mental impairment at Step Two of the sequential evaluation process. Dkt. 9, p. 1. Specifically, Plaintiff

alleges the ALJ's finding at Step Two is inconsistent with the medical opinions of Drs. Tarantino, Comrie, and Flanagan. *Id.* at pp. 2-6. Plaintiff essentially contends the ALJ's consideration of three medical opinions resulted in an error at Step Two. *See* Dkt. 6. Therefore, the Court analyzes whether the ALJ properly considered the medical opinions of Drs. Tarantino, Comrie, and Flanagan.

### A. Dr. Tarantino

Plaintiff contends the ALJ improperly rejected Dr. Tarantino's opinion.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On June 24, 2016, Dr. Tarantino, a consulting Doctor of Psychology, completed a Mental Evaluation of Plaintiff. AR 407-411. After Dr. Tarantino conducted a clinical interview and a mental status exam ("MSE"), he diagnosed Plaintiff with Chronic Posttraumatic Stress Disorder and an Unspecified Depressive Disorder. *Id.* Dr. Tarantino opined: Plaintiff's remote memory was mildly impaired; her ability to interact with coworkers and the public was likely moderately impaired due to her symptoms; her ability to maintain regular attendance and complete a normal

workday without interruption from psychologically based symptoms was moderately impaired; and her ability to deal with the usual stress encountered in the workplace where others are around was markedly impaired. AR 411.

The ALJ gave little weight to Dr. Tarantino's opinion that Plaintiff has the limitations listed above, because:

> (1) Her opinion was based on a one-time examination. (2) The claimant told Dr. Tarantino that she was on medication to manage her moods and around the time of that exam, her treating records show a prescription for Alprazolam, but she apparently stopped taking that. She was briefly treated with Lexapro for postpartum depression but that therapy was successful and she no longer takes her medication. (3) Furthermore, Dr. Tarantino's opinion on social functioning appears to be exclusively based on the claimant's subjective reports, which are not otherwise consistent with the record and the claimant's testimony about her social activities.

AR 22 (numbering added).

First, the ALJ discounted Dr. Tarantino's opinion because it was based on a one-time examination. An examining doctor, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. § 404.1527. "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410 at *6 (W.D. Wash. July 31, 2014). Therefore, the ALJ improperly rejected Dr. Tarantino's opinion because it was based on a one-time examination.

Second, while unclear, the ALJ appears to discount Dr. Tarantino's opinion because Plaintiff no longer takes psychiatric medications. AR 22. The ALJ's finding is conclusory. The ALJ fails to cite to any records indicating Plaintiff was not taking psychiatric medications when she was examined by Dr. Tarantino. *See* AR 22. Further, the ALJ does not explain how Plaintiff's failure to continue taking her psychiatric medications discounts Dr. Tarantino's

opinion. Without adequate discussion explaining why Plaintiff's cessation of psychiatric medications discounts Dr. Tarantino's opinion, the ALJ's second reason for giving little weight to Dr. Tarantino's opinion is not specific and legitimate and supported by substantial evidence. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Regennitter v. Commissioner of Social Security Administration,* 166 F.3d 1294 (9th Cir.1999) (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir.1989)) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"); *see also Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("... ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

Third, the ALJ discounted Dr. Tarantino's opinion as to Plaintiff's social functioning because Dr. Tarantino based her findings "exclusively" on Plaintiff's subjective reports. AR 22. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id.* (internal citations omitted).

Here, the record does not show Dr. Tarantino relied more heavily on Plaintiff's subjective testimony more than on other information and her own observations. *See* AR 407-411. The record shows Dr. Tarantino observed Plaintiff and conducted an MSE and clinical interview in reaching her opinion. *See* AR 407-411. Dr. Tarantino did not discredit Plaintiff's subjective reports and supported her opinion with findings based on the MSE and clinical review of Plaintiff. Merely questioning the credibility of Plaintiff's complaints to Dr. Tarantino is not a clear and convincing reason to reject Dr. Tarantino's opinion.

Further, the ALJ references that Plaintiff's subjective reports to Dr. Tarantino "are not otherwise consistent with the record and the claimant's testimony about her social activities." AR 22. But, the ALJ fails to provide any citations to the record or Plaintiff's social activities which are inconsistent with her reports to Dr. Tarantino. Therefore, the ALJ's conclusory finding is not sufficient to discount Dr. Tarantino's opinion as being exclusively based on Plaintiff's self-reports. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Thus, the ALJ erred when she rejected Dr. Tarantino's opinion regarding Plaintiff's social functioning for being based on Plaintiff's subjective testimony.

For the reasons above, the Court finds the ALJ's three reasons for discounting Dr. Tarantino's opinion are not specific and legitimate and supported by substantial evidence. Therefore, the ALJ erred.

B. <u>Doctors Comrie and Flanagan</u>

Plaintiff contends the ALJ erred in rejecting the medical opinions of state agency physicians Comrie and Flanagan. Dkt. 9, p. 3.

In June 2016, Dr. Comrie, a state agency medical evaluator, reviewed the medical evidence of record and performed a consultative examination of Plaintiff. AR 66-80. In August 2016, Dr. Flanagan, a state agency psychological evaluator, affirmed Dr. Comrie's opinion. AR 82-96. Although they ultimately found Plaintiff to be not disabled, the doctors concluded Plaintiff's anxiety and affective disorders were severe at Step Two. AR 72, 88.

The ALJ gave the opinion of Drs. Comrie and Flanagan little weight, because:

> (1) They relied on a one-time consultative examination. (2) The claimant's description of her activates [sic] with her mom and ability to care for her children exceeds the limits on social interaction opined by the medical advisors. (3) Their proffered social limitations are also inconsistent with the opinion of the claimant's treating physician, Dr. Espanol.

AR 23 (numbering added).

First, the ALJ discounted the opinion of Drs. Comrie and Flanagan because their findings were based on a one-time examination, the same reason the ALJ gave for discounting Dr. Tarantino's opinion. *See* Section I, *supra*; AR 22. As discussed above, discounting a doctor's opinion because it was based on a one-time consultation is not legitimate. *See Yeakey*, WL 3767410 at *6. Therefore, the ALJ's first reason for discounting Drs. Comrie and Flanagan is invalid.

Second, the ALJ discounted Drs. Comrie and Flanagan opinion because Plaintiff's description of her activities exceeds their opined limits on social interaction. The ALJ's finding is conclusory. The ALJ fails to cite to any records which indicate Plaintiff's description of her activities are inconsistent with the limits on social interaction opined by Drs. Comrie and Flanagan. *See* AR 23. Further, the ALJ does not explain how Plaintiff's description of her activities exceeds the limits which they outlined. Without adequate discussion explaining why Plaintiff's description of her activities is at odds with the findings of Drs. Comrie and Flanagan, the Court finds the ALJ's second reason for giving little weight to the opinion of Drs. Comrie and Flanagan is not specific and legitimate and supported by substantial evidence. *See Brown-Hunter*, 806 F.3d 487 at 492.

Third, the ALJ discounted their opinion because it is inconsistent with Dr. Eddie Espanol's opinion. The ALJ's finding is conclusory. The ALJ fails to cite to any records which indicate Dr. Espanol's opinion is inconsistent with the opinion of Drs. Comrie and Flanagan. *See* AR 23. Further, the ALJ does not explain how the opinions differ; she merely states they are inconsistent. Thus, the ALJ's third reason for giving little weight to the opinion of Drs. Comrie and Flanagan is not specific and legitimate and supported by substantial evidence. *See Brown-Hunter*, 806 F.3d 487 at 492.

For the above stated reasons, the Court finds the ALJ erred in giving little weight to the opinions of Drs. Comrie and Flanagan.

C. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

*Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Plaintiff argues that, because the ALJ erred in considering the medical opinion evidence, the ALJ failed to properly consider Plaintiff's severe impairments at Step Two and failed to properly consider all Plaintiff's limitations in the RFC assessment. *See* Dkt. 9. At Step Two, the ALJ found Plaintiff had the following severe impairments: "myotonia congenita (a form of muscular dystrophy), fibromyalgia, carpal tunnel syndrome, and restless leg syndrome[.]" AR 17. The ALJ did not find Plaintiff suffered from any severe mental impairments. *See* AR 17-18. Dr. Tarantino diagnosed Plaintiff with post-traumatic stress disorder and an unspecified depressive disorder. AR 411. Drs. Comrie and Flanagan found Plaintiff had severe mental impairments of anxiety disorders and affective disorders. *See* AR 72. All three doctors found Plaintiff has functional limitations as a result of her mental impairments. Thus, the record shows Plaintiff suffers from severe mental impairments. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quotations omitted) ("An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having no more than a minimal effect on an individual[']s ability to work.").

Furthermore, had the ALJ properly considered the opinions of Drs. Tarantino, Comrie, and Flanagan, the ALJ may have included additional limitations in the RFC. For example, Dr. Tarantino opined Plaintiff's ability to maintain regular attendance in the workplace is moderately impaired. AR 411. Drs. Comrie and Flanagan determined Plaintiff can have only incidental

interactions with the public and co-workers. AR 77. The RFC does not account for any absenteeism, nor does the RFC contain any restrictions regarding Plaintiff's ability to interact with others. *See* AR 19. If the opinions of Drs. Tarantino, Comrie, and Flanagan were given great weight, additional limitations would be included in the RFC and in the hypothetical questions posed to the vocational expert. Thus, the ultimate disability determination may have changed.

The ALJ's failure to properly consider the opinions of Drs. Tarantino, Comrie, and Flanagan and Plaintiff's mental health impairments at Step Two and throughout the remaining sequential evaluation process affects the ultimate disability decision. Accordingly, the ALJ's errors are not harmless and require reversal.

On remand, the ALJ is directed to reconsider Step Two, including Plaintiff's mental impairments, and the remaining steps of the sequential evaluation process.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 7th day of October, 2019.

_____
David W. Christel
United States Magistrate Judge